# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HALL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. L. SCHULTEIS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. CV-F-04-5612 REC LJO P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED BASED ON PLAINTIFF'S FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 29) |

I.　Motion to Dismiss

　　A.　Procedural History

Plaintiff Nathan Hall ("plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed April 23, 2004, on plaintiff's Eighth Amendment claims against defendants Sweany, Busby, Wieland, and Amos for use of excessive force, defendants Teesdale, Sweany, Pumphrey, and Busby for failing to protect plaintiff, and defendant Wieland for delaying plaintiff's access to water after the pepper spray incident.

On February 2, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss for failure to exhaust the administrative remedies in compliance with 42 U.S.C. § 1997e(a). Plaintiff filed an opposition on March 1, 2005,

defendants filed a reply on March 7, 2005, and plaintiff filed a surreply on March 15, 2005.[1]

### B. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Based on the general principle that summary judgment is on the merits while dismissal of an action for failure to exhaust is not on the merits, the failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 20, 2004. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 14.)

2

to an unenumerated Rule 12(b) motion rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citations omitted); Fed. R. Civ. P. 12(b). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

      C.      Discussion

In his complaint, plaintiff alleges in relevant part that he was attacked by inmate Young on November 29, 2003, and defendants Teesdale, Sweeny, Pumphrey, and Busby observed the incident for approximately two minutes. Plaintiff alleges that defendant Busby then came in the door but did not order plaintiff or Young to get down. Young then came from behind defendant Busby and hit plaintiff, knocking him down. Plaintiff alleges that defendant Busby then ordered him to stay down and ordered Young to attack plaintiff. Young inmate struck plaintiff in the mouth. Plaintiff then pushed Young to the floor and pinned him down. Defendants Sweeny, Busby, Wieland, and Amos sprayed plaintiff with an entire can of pepper spray, and defendant Amos hit plaintiff with a baton. Plaintiff alleges that at the time he was sprayed, his hands were at his side.

Plaintiff and inmate Young were taken to the showers and Young was allowed to shower, even though he had not been sprayed. Defendant Wieland did not allow plaintiff to wash the pepper spray off for thirty minutes, resulting in burning to the head, face, arm, and genital areas.

Defendants argue that they are entitled to dismissal of this action because plaintiff failed to exhaust the administrative remedies. In support of their motion, defendants submit appeal log number CCI-2-03-03178, submitted by plaintiff on December 7, 2003. (Motion, Exhibit A, Attachment 1.) In the appeal, plaintiff grieves the facts at issue in his Eighth Amendment claims against defendants. (Id.) The appeal was cancelled at the second formal level of review on January 28, 2004, due to plaintiff's alleged lack of cooperation during the interview. (Id.) Defendants submit evidence that plaintiff did not thereafter pursue the appeal to the third and final level of review. (Exhibit A Grannis Dec., ¶ 10; Attachment 1.)

Plaintiff contends that he exhausted by pursuing his appeal to the Director's Level of review and submits a copy of inmate appeal log number CCI 03-00474 as evidence. (Opp., Exhibit A.)

Appeal 03-03178 adequately grieved the claims at issue in this action. However, there is no evidence that after it was cancelled at the second level of review for alleged non-cooperation, plaintiff submitted it to the third and final level of review. Therefore, the appeal was not exhausted.

Appeal 03-00474 grieved issues relating to plaintiff's disciplinary hearing. Although the Director's Level decision references the use of pepper spray and side handle batons, it does so in the context of discussing plaintiff's grievance that staff falsified reports. Based on a review of the appeal and the Director's Level decision, the court finds that appeal 03-00474 does not grieve the claims at issue in this action.

Further, even if appeal 03-00474 had related to the claims in this action, it was exhausted after this suit was filed and would not preclude dismissal of this action. Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff submitted the appeal to the Director's Level on February 19, 2004, and filed suit on April 23, 2004. The Director's Level decision was subsequently timely issued on May 6, 2004.[2] As a result of plaintiff's decision to file suit prior to receiving the Director's Level decision, dismissal is required. Id.

D. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies, filed February 2, 2005, be GRANTED; and

2. Pursuant to 42 U.S.C. § 1997e(a), this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

///

---

[2] Pursuant to section 3084.6(b)(4) of the California Code of Regulations, "[t]hird level responses shall be completed within 60 working days." Cal. Code Regs. tit 15, § 3084.6(b)(4).

4

1 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 13, 2005**               /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE